UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23331-BLOOM/Elfenbein

JOHANNES L. DE KONING,

    Plaintiff,

v.

TRANS UNION LLC,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** is before the Court upon Defendant Trans Union LLC's ("Trans Union") Motion for Judgment on the Pleadings ("Motion"). ECF No. [34]. Plaintiff Johannes L. De Koning ("De Koning") filed a Response in Opposition ("Response"). ECF No. [36]. Trans Union filed a Reply in Support ("Reply"). ECF No. [38]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.   BACKGROUND**

In April 2025, De Koning reviewed his credit reports from three "nationwide consumer reporter agencies", each of which reported different delinquency information for the same OpenSky credit card account. ECF No. [15] ¶ 8. Thereafter, on April 17, 2025, De Koning submitted a consumer dispute to Trans Union "requesting reinvestigation pursuant to 15 USC § 1681i. *Id*. ¶ 10. On May 6, 2025, Trans Union "confirmed the tradeline was deleted, as reflected in its written Investigation Results." *Id*. ¶ 11. On May 25, 2025, De Koning found the OpenSky tradeline reinserted into his Trade Union credit file. *Id*. ¶ 12. De Koning received no notice of the reinsertion. *Id*. ¶ 13. De Koning submitted a subsequent dispute regarding the reinsertion, and

Trans Union posted its "Investigation Results", stating the tradeline was verified and updated. ECF Nos. ¶¶ 15, 16. On June 1, 2025, De Koning requested a method of verification from Trans Union, but Trans Union provided only generic and non-responsive answers. *Id*. ¶¶ 16, 18.

De Koning alleges Trans Union violated 15 USC § 1681i(a)(5)(B) for unlawful reinsertion without notice (Count I), violated 15 USC § 1681i(a)(6)(B)(iii) for failure to provide method of verification (Count II), and violated 15 USC § 1681n for willful non-compliance with the Fair Credit Reporting Act or in the alternative violated 15 USC § 1681o for negligence (Count III). In the Motion, Trans Union argues De Koning's § 1681i claims fail as a matter of law because no factual inaccuracy has been pled. ECF No. [34] at 3. Moreover, Trans Union contends De Koning's willfulness claims fail because "he fails to establish that Trans Union either knowingly or recklessly failed to comply" with 15 USC § 1681i. *Id*. at 8. De Koning responds that, "[t]he dispute does not concern the accuracy of historical payment data but rather Trans Union's disregard for the procedural safeguards Congress required to ensure transparency and fairness in consumer disputes." ECF No. [36] at 1.

## II. LEGAL STANDARD

### A. Motion for Judgment on the Pleadings

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A party may move for judgment on the pleadings if there are no material facts in dispute. *See Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). In rendering judgment, a court may consider the substance of the pleadings and any judicially noticed facts. *Termilus v. Marksman Sec. Corp.*, 2016 U.S. Dist. LEXIS 20356 (S.D. Fla. Feb. 19, 2016) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). As such, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

### B. Fair Credit Reporting Act

Under 15 U.S.C. § 1681e, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "The Act, however, does not make reporting agencies strictly liable for all inaccuracies." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). If a consumer notifies the consumer reporting agency of a dispute as to the "completeness or accuracy of any item of information contained" in the file, "the agency shall...conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file...before the end of the 30-day period[.]" 15 U.S.C. § 1681i(a)(1)(A); *Mesa v. Pa. Higher Educ. Assistance*, Case No. 16-24577-Civ, 2018 WL 1863743, at *2 (S.D. Fla. Mar. 15, 2018) ("[W]here a consumer notifies an agency that he or she disputes the completeness or accuracy of any item in his or her file, the agency must conduct a 'reasonable reinvestigation' to determine whether the item is inaccurate and either record the item's

status or delete it within 30 days."), *report and recommendation adopted*, Case No. 16-24577-Civ, 2018 WL 11202683 (S.D. Fla. May 4, 2018).

"If, after any reinvestigation...an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-- (i) promptly delete that item of information from the file of the consumer[.]" 15 U.S.C.§ 1681i(a)(5)(A). A consumer may request a description of a consumer reporting agency's reinvestigation procedure, and the consumer reporting agency must provide the description "by not later than 15 days after receiving a request from the consumer for that description." 15 U.S.C. § 1681i(a)(7). Congress created a statutory private right of action for negligent or willful violations of the duties imposed on a person under the FCRA. 15 U.S.C. §§ 1681n., 1681o.; *Bresky v. Experian Info. Sols., Inc.*, CASE NO. 0:20-CV-62180, 2021 WL 2590132, at *2 (S.D. Fla. Apr. 1, 2021) ("Sections 1681n and 1681o provide for private rights of action against those who willfully or negligently fail to comply with the FCRA's requirements.").

"To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021). As part of a plaintiff's showing, she "must 'show that a credit reporting agency prepared a report containing "inaccurate" information,' which, if not shown, fails to establish a violation of the FCRA." *Padilla v. Experian Info. Sols., Inc.*, No. 23-cv-60669, 2023 WL 4014700, at *2 (S.D. Fla. May 12, 2023) (quoting *Cahlin*, 936 F.2d at 1156).

### III.   DISCUSSION

#### A. De Koning's § 1681i Claims Do Not Plead a Factual Inaccuracy

As his burden, the consumer must "show that a credit reporting agency prepared a report containing 'inaccurate' information," which, if not shown, fails to establish a violation of the Fair

4

Credit Reporting Act. *Cahlin*, 936 F.2d at 1156; *Lacey v. TransUnion*, LLC, Case No. 8:21-cv-519-02, 2021 WL 2917602, at *3 (M.D. Fla. July 12, 2021) ("Plaintiff's claims under 15 U.S.C. 1681e(b) and 1681(i) [sic] require her to plead and prove an inaccuracy in her credit report or credit file."). The "maximum possible accuracy" standard is used for determining whether a consumer report contains inaccurate information, which requires that the "information...be factually true and also unlikely to lead to a misunderstanding." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020). This requires that a plaintiff show that the consumer report was "factually incorrect, objectively likely to mislead its intended user, or both[.]" *Id.*; *see Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367-68 (11th Cir. 2024) (same).

However, "factual allegations that are merely consistent with the Defendants' liability do not satisfy the Plaintiff's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief." *Lacey*, 2021 WL 2917602, at *3. Indeed, "the alleged inaccurate information" must be "objectively and readily verifiable" to the consumer reporting agency. *Holden*, 98 F.4th at 1368. Blanket and conclusory assertions that a report was inaccurate are insufficient to satisfy a plaintiff's burden. *See*, e.g., *Daley v. Trans Union LLC*, Case No. 23-cv-24329, 2023 WL 7495089, at *4 (S.D. Fla. Nov. 13, 2023) (finding that the plaintiff's allegations that "a certain item on his credit report was 'not [his] debt' and that the credit report reflects inaccurate dates for the debt and the dollar amounts" were insufficient, as it was unclear which debt the plaintiff claimed did not belong to him, because there were eleven accounts in the credit report); *Padilla v. Experian Info. Sols., Inc.*, CASE NO. 23-CV-60669, 2023 WL 4014700, at *4 (S.D. Fla. May 12, 2023) (finding that the plaintiff failed to show that the credit report contained inaccurate information, as the plaintiff inadequately alleged "threadbare recitals" of the

5

elements of an FCRA claim); *Reyes v. Trans Union LLC*, CASE NO. 24-cv-21045, 2024 WL 2976750, at *3-*4 (S.D. Fla. June 13, 2024) (concluding that allegations that "Trans Union does not reinvestigate disputed inquiries; does not notify the source of the disputed inquiry about the consumers' disputes of the information; does not provide the source with all the relevant information about the dispute; and does not delete disputed inquiries that it cannot verify" were insufficient to make a threshold showing of inaccurate information).

Here, De Koning identified "a material inconsistency in payment history reporting" among three nationwide consumer reporting agencies. ECF. No. [15] ¶ 8. Trans Union argues De Koning fails to "plausibly allege how or why the 'payment history' of the Account is somehow reporting inaccurately." ECF No. [34] at 5. Moreover, Trans Union contends that an "inconsistency" among the three national consumer reporting agencies is not, as De Koning suggests, a "verifiable conflict in the accuracy." *Id*. The Court agrees with Trans Union. Inconsistent information across three credit reports indicates not an objectively verifiable error, but rather a dispute about which version is correct. *See Verlus v. Experian Info. Sols*., Inc., No. 23-CV-11426-DJC, 2025 WL 836588, at *4 (D. Mass. Mar. 17, 2025) ("allegations of discrepancies of the dates of alleged late payments between the Experian and TransUnion reports, without more, do not permit an inference that either report contains 'false or materially misleading' information."); *see also Cruel v. Experian*, No. CV 22-5236, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023) ("Plaintiff points to inconsistent information between the three Defendants as evidence that the information is inaccurate; however, Plaintiff does not allege any facts regarding what the accurate information actually is."). De Koning ultimately concedes factual inaccuracy in his Response, "[t]he dispute does not concern the accuracy of historical payment data, but rather Trans Union's disregard for the procedural safeguards Congress required to ensure transparency and fairness in consumer disputes." ECF No.

[36] at 1. As such, because De Koning has failed to plead an objectively and verifiable factual inaccuracy, his claims must be dismissed.

Defendant's Motion for Judgment on the Pleadings must be granted. Moreover, because De Koning has indicated his claims do not concern "accuracy", the Court finds any further attempt to amend the Complaint would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Judgment on the Pleadings, **ECF No. [34]**, is **GRANTED.**

2. This case is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 13, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record

Johannes L. De Koning
7744 Collins Avenue
Apt. 15
Miami Beach, FL 33141
*Pro Se*